## PETER R. STILLE *vs.* JOSHUA S. LAYTON.

After a plea of *nulla bona*, an award and judgment against the garnishee on a refer-
ence entered into by him *bona fide*, will protect him as well as a verdict.

Where one has purchased goods of A, which are attached in his hands as the property
of B, he may dispute his vendor's title in an action against him for the purchase
money.

Depositions are not evidence against a party who had no opportunity to cross-examine.

A general agent with an interest may sue in his own name.

ASSUMPSIT. Narr., pleas, non assumpsit, payment, discount, and
the act of limitation.

This was an action of assumpsit for a bill of store goods bought
by defendant of plaintiff; and the defence was that the goods in fact
belonged to one Bostick, for whom Stille acted as a clerk or agent;
and the amount of this bill had been attached in defendant's hands as
the garnishee of Bostick. The attachment was on a judgment of
Samuel G. Wright & Co. *vs.* John H. Bostick; and, after it was laid
in defendant's hands, he pleaded *nulla bona*, and then entered into a
reference with the attaching creditor, which resulted in a judgment
against him for the value of these goods.

The record of this judgment was offered, and objected to, as not
being between the same parties, nor having any relation to this case.

*Brinckloe.*—We intend to follow up the judgment with proof of
the execution, attachment and judgment against defendant; and con-
nect with this the proof that Bostick was the owner of these goods.

*Rodney.*—It appears now to be the case of an attempt by the
purchaser of goods to dispute the title of his vendor in an action for
the price, even while he retains the goods. This cannot be done.

*Per curiam.*—Under non assumpsit you may give in evidence that
another person owns the goods sold; the plea puts in issue the title.
It does not follow that because one man sells goods to another he
can recover the price, unless he be the owner of the goods. The
defendant may go on and show title to these goods in Bostick, if he
can. And it is not worth while to dispute about the order of pro-
ducing the testimony. The judgment offered will avail nothing un-
less followed up by evidence to show that these goods were Bostick's.
If that be shown, it is relevant and admissible evidence.

In the course of the evidence,

*Rodney,* for plaintiff, offered certain depositions taken in the suit
of Samuel G. Wright & Co. *vs.* John H. Bostick, the judgment in
which suit had already been admitted. They were objected to.

*Cullen.*—We were no parties to that cause. These depositions

were taken on Bostick's commission, to which we could not file cross interrogatories; and it does not appear to have been in relation to the same matter.

*Rodney.*—It is substantially the same case; the object in both actions being the same, to establish the title to these goods; by the former, in Bostick; by this, in Stille.

*Per curiam.* The case is clear. You cannot give depositions in evidence, unless the party against whom they are offered, had an opportunity to cross examine, which here he had not. They were taken in a cause in which the present defendant was no party, nor had any authority to move in it. There is a manifest distinction between the judgment as a matter of evidence, and these depositions. A judgment is always evidence to prove its existence and legal consequences; but the depositions stand on different grounds; they are *res inter alios acta*, and cannot be evidence against Layton.

The *Chief Justice,* (J. M. Clayton,) charged the jury.

Action of assumpsit for goods sold by Peter R. Stille to the defendant amounting to $119 19. It is not disputed that the purchase was made of Stille, but it is contended that he was but an agent of John H. Bostick, to whom the goods in fact belonged. Samuel G. Wright & Co. having obtained a judgment against Bostick, sued out a fieri facias attachment, and summoned the defendant as garnishee in respect of these goods. He pleaded nulla bona; entered into a reference with the attaching creditor; had a report and judgment against him; and paid the amount in pursuance of such judgment. It has been contended, that because this reference was voluntary on the part of Layton, he is not protected by the award and judgment. We do not think so.

We think the result of the reference, there being no fraud or collusion shown, is as binding on the garnishee as a verdict, and equally a protection to him. No such fraud or collusion is here pretended. But another thing is essential to the protection of Layton. It must appear to the jury that, at the time of the sale of these goods, they were the property of Bostick and not of Stille; for if they were the property of Stille, then even a recovery in the garnishment on the judgment of Wright & Co., against Bostick, would not protect the defendant. If the property was Bostick's, Stille cannot maintain this action for the price of it, after Bostick's creditor has attached the defendant as his garnishee, obtained judgment and received payment. For, though a general agent may sue in his own name,. where he has an interest in the goods, a mere agent connot recover after the property is attached as that of his principal. A sale is always a warranty of title: and if after a sale the property is shown

in another, the vendor cannot recover.  True, possession is always prima facie evidence of title; but it may be rebutted.

Verdict for defendant.

*Rodney,* for plaintiff.
*Brinkloe* and *Cullen,* for defendant.